1  Joshua B. Swigart, Esq. (SBN: 225557)
   josh@westcoastlitigation.com
2  Yana A. Hart, Esq. (SBN: 306499)
3  yana@westcoastlitigation.com
4  **Hyde & Swigart, APC**
   2221 Camino Del Rio South, Suite 101
5  San Diego, CA 92108
   Telephone: (619) 233-7770
6  Fax: (619) 297-1022
7
8  [Additional Attorneys on Caption Page]

9  *Attorneys for Plaintiff*
10 Michael Barco

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| MICHAEL BARCO, | Case No.: |
|---|---|
| Plaintiff, | **CLASS COMPLAINT FOR DAMAGES PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 ET SEQ.** |
| v. | |
| BENVENISTE INSURANCE, and DOES 1-20, | |
| Defendants. | **Jury Trial Demanded** |

# INTRODUCTION

1. Michael Barco ("Plaintiff") brings this action for damages, and any other available legal or equitable remedies, resulting from the illegal actions of Benveniste Insurance ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to his own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

2. The TCPA was designed to prevent facsimile messages like the one described within this complaint and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology—for example, computerized calls dispatched to private homes—prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls that are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer." TCPA, Pub.L. No. 102-243, § 11. Toward this end, Congress found that:

> Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see also, Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional finding on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call […]." *Id*. At §§ 12-13. *See also, Mims*, 132 S. Ct. at 744.

5. As Judge Easterbrook of the Seventh Circuit explained in a TCPA case regarding calls to a non-debtor similar to this one:

> The Telephone Consumer Protection Act […] is well known for its provisions limiting junk-fax transmissions. A less litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered – and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

## JURISDICTION AND VENUE

6. This court has subject matter jurisdiction under 47 U.S.C. § 227, *et seq.* and 28 U.S.C. § 1331.

7. This Court has personal jurisdiction over Defendant because Defendant regularly conducts business in California, operating an insurance agency out of the County of Los Angeles. Further, Defendant's collection efforts were directed at the forum, as illustrated below.

8. A substantial part of the events or omissions giving rise to this claim occurred in Los Angeles, California against Plaintiff, who resides in the County of Los Angeles, State of California. Therefore, venue is proper.

9. At all times relevant, Defendant conducted business within the County of Los Angeles, State of California.

**PARTIES**

10. Plaintiff is, and at all times mentioned herein was, a natural person residing in the County of Los Angeles, in the State of California.

11. Plaintiff is informed and believes, and thereon alleges, that Defendant is a company organized and existing under the laws of California. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant conducted business in the State of California, including the County of Los Angeles.

12. Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. §153 (39).

**FACTS**

13. Sometime before December 16, 2014, Plaintiff obtained a facsimile number from Metrofax.

14. After Plaintiff obtained this number, he began to receive a number of facsimile messages from various companies.

15. On December 16, 2014, Plaintiff received an unsolicited facsimile message from Defendant on his telephone facsimile machine.

16. This messages was an advertisement for insurance coverage. The advertisement stated, "SAVE UP TO 80% ON HEALTH INSURANCE." The message further stated:
    - We make is easy to enroll & our valuable service is Free!
    - Every Californian now qualifies for Health Insurance, regardless of health!
    - Call today to see how much you can save!

17. Plaintiff alleges on information and belief that this advertisement was conveyed using a telephone facsimile machine, as defined by 47 U.S.C. Code § 227(a)(3).

This is evidence by the image of the advertisement, which illustrates that it is a scan of a hard copy.

18. At no time relevant did Plaintiff have an established business relationship, as that term is defined by 47 U.S.C. Code § 227(a)(2), with Defendant.

19. On information and belief, Defendant did not obtain Plaintiff's facsimile number from a directory, advertisement, or site on the internet to which Plaintiff voluntarily agreed to make available its facsimile number for public distribution.

20. Defendant's unsolicited advertisement does not comply with the requisite notice requirements under 47 U.S.C. Code § 227(b)(2)(D).

21. Plaintiff did not give Defendant express consent to send him any facsimile messages.

22. Defendant's facsimile message violated 7 U.S.C. § 227(b)(1). Further, this message invaded Plaintiff's privacy.

## STANDING

23. Standing is proper under Article III of the Constitution of the United States of America because Plaintiff's claims state:

    a. a valid injury in fact;

    b. which is traceable to the conduct of Defendant;

    c. and is likely to be redressed by a favorable judicial decision.

    See, *Spokeo, Inc. v. Robins, 578 U.S. ___ (2016) at 6*, and *Lujan v. Defenders of Wildlife, 504 U.S. 555 at 560*.

24. In order to meet the standard laid out in *Spokeo* and *Lujan*, Plaintiff must clearly allege facts demonstrating all three prongs above.

**A. *The "Injury in Fact" Prong***

25. Plaintiff's injury in fact must be both "concrete" and "particularized" in order to satisfy the requirements of Article III of the Constitution, as laid out in *Spokeo (Id.)*.

26. For an injury to be "concrete" it must be a *de facto* injury, meaning that it actually exists. *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012). In this case, Defendant faxed a advertisement to Plaintiff using a telephone facsimile machine. Such faxes are a nuisance, an invasion of privacy, and an expense to Plaintiff. All three of these injuries are concrete and *de facto*.

27. For an injury to be "particularized" means that the injury must "affect the Plaintiff in a personal and individual way." *Spokeo, Inc. v. Robins, 578 U.S. ___ (2016) at 7*. In this case, Defendant invaded Plaintiff's privacy and peace by faxing Plaintiff a letter, and it did this with the use of a telephone facsimile machine. All of these injuries are particularized and specific to Plaintiff, and will be the same injuries suffered by each member of the putative class.

**B. *The "Traceable to the Conduct of Defendant" Prong***

28. The second prong required to establish standing at the pleadings phase is that Plaintiff must allege facts to show that its injuries are traceable to the conduct of Defendant.

29. The above fax was directly and explicitly linked to Defendant. Defendant's text messages identify Defendant as "Stephen Benveniste," a certified insurance agent. This fax is the sole source of Plaintiff's and the Class's injuries. Therefore, Plaintiff has illustrated facts that show that its injuries are traceable to the conduct of Defendant.

### C. *The "Injury is Likely to be Redressed by a Favorable Judicial Opinion" Prong*

30. The third prong to establish standing at the pleadings phase requires Plaintiff to allege facts to show that the injury is likely to be redressed by a favorable judicial opinion.

31. In the present case, Plaintiff's Prayers for Relief include a request for damages for the fax made by Defendant, which is authorized by 47 U.S.C. § 227. The statutory damages were set by Congress and specifically redress the financial damages suffered by Plaintiff and the members of the putative class.

32. Because all standing requirements of Article III of the U.S. Constitution have been met, as laid out in *Spokeo, Inc. v. Robins, 578 U.S. ___ (2016),* Plaintiff has standing to sue Defendant on the stated claims.

## CLASS ACTION ALLEGATIONS

33. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated ("the Class").

34. Plaintiff represents, and is a member of, the Class, consisting of: all persons within California who received an unsolicited-facsimile advertisement from Defendant, or its agents, between the date of the filing of this action and the four years preceding. This class will exclude all persons who fall into one of the exceptions listed in 47 U.S.C § 227(b)(1)(C).

35. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

36. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and the Class members through telephone facsimile machines, which caused Plaintiff and the Class members to incur certain charges or reduced ability their ability to use

their telephone facsimile machines by having to retrieve or administer messages left by Defendant or its agents and by invading the privacy of Plaintiff and the Class members. As a result, Plaintiff and the Class members were damaged.

37. This suit seeks only damages for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

38. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court. The Class can be identified through Defendant's records and/or Defendant's agent's records.

39. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

   i. Whether, within the four years prior to the filing of the Complaint, Defendant faxed any advertisements (except those those facsimile messages that are permitted under 47 U.S.C § 227(b)(1)(C)) to the Class members using any telephone facsimile machine;

   ii. Whether Defendant sent these facsimile messages to non-customers of Defendant for marketing purposes;

   iii. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation(s); and

   iv. Whether Defendant should be enjoined from engaging in such conduct in the future.

40. As a person who received faxes from Defendant in which Defendant used an telephone facsimile machine, without establishing a prior business relationship

or obtaining Plaintiff's express consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class because Plaintiff has no interests antagonistic to any member of the Class.

41. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. The size of Class member's individual claims causes few, if any, Class members to be able to afford to seek legal redress for the wrongs complained of herein.

42. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

43. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those that would be presented in numerous individual claims.

44. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

# FIRST CAUSE OF ACTION:
# NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 ET SEQ.

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. The foregoing acts and omissions of Defendant constitutes multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

47. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

48. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

# SECOND CAUSE OF ACTION:
# KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 ET SEQ.

49. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50. The foregoing acts and omissions of Defendant constitute multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

51. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff and each of the Class are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

52. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

# PRAYER FOR RELIEF

53. Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and each Class member the following relief against Defendant:

## FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

54. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

55. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

56. Any other relief the Court may deem just and proper.

## SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

57. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

58. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

59. Any other relief the Court may deem just and proper.

## TRIAL BY JURY

60. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

Date: 9/5/18                                                                 **Hyde & Swigart, APC**

By: /s/ Joshua B. Swigart
   Joshua B. Swigart, Esq.
   Attorney For Plaintiff

**Additional Attorneys**

**Kazerouni Law Group, APC**
Abbas Kazerounian, Esq. (SBN 249203)
ak@kazlg.com
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**Lester & Associates**
Patric Lester (SBN: 220092)
pl@lesterlaw.com
5694 Mission Center Road, Suite 358
San Diego, California 92108
Telephone: (619) 665-3888
Facsimile: (314) 241-5777